**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: September 8 2015**

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-31860 |
| | ) | |
| CHRISTOPHER M. SLANE | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |

**MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION
TO EXEMPTIONS PURSUANT TO BANKRUPTCY RULE 4003(b)**

This case comes before the court on the Chapter 7 Trustee's ("Trustee") Objection to Exemptions Pursuant to Bankruptcy Rule 4003(b). [Doc. #41]. The Debtor filed for relief under Chapter 7 on May 21, 2014. The underlying asset in issue here are funds from a garnishment. The Debtor did not list the garnishment on his initial Schedule B, or Statement of Financial Affairs Question 4b. [Doc. #1, pp. 16-18 & 35]. The Chapter 7 case was closed, with the Final Decree entered on December 30, 2014. [Doc. #24]. Less than two months later, the Debtor filed a Motion to Reopen Bankruptcy. [Doc. #25]. A Hearing was held, and on March 27, 2015, an Order was entered granting the Motion to Reopen the Chapter 7 case. [Doc. #29].

Amended Schedules C and B were filed on April 23, 2015. [Doc. #40]. Amended Schedule B listed a garnishment of $3,785.87 as an asset. [*Id.*] In Amended Schedule C, Debtor Christopher

M. Slane claimed exemptions in the garnishment under O.R.C. Section 2329.66(A)(13)(b) and (A)(18). [Doc. #40-1.]

The Trustee's Objection to the claim of exemption was filed on April 24, 2015. [Doc. #41]. The Objection states that O.R.C. Section 2329.66(A)(13) does not apply, because "the asset is the 25% the creditor collected on the garnishment that debtor could not protect." [*Id*., p. 1] No other basis for denying the exemption claimed by the Debtor under Section 2329.66(A)(13) has been asserted by the Chapter 7 Trustee.

The Trustee's Objection asserted that the Debtor's exemption of the garnishment should be limited to $1,143.93, the amounts that had not been used under the so-called "wild card exemption", and O.R.C. §2329.66(A)(3), the Ohio exemption for cash. [*Id*.] This amount ($1,143.93) is greater than the $956.47 claimed as exempt under §2329.66(A)(18) in Debtor's Amended Schedule C. [Doc. #40-1]. Three bank account statements were attached as Exhibit A. [Doc. #41, Ex. A].

In Debtor's Response to Trustee's Objection to Exemptions, the following additional background information was included in the Statement of Facts: "On December 3, 2013, Ford Motor Credit received a Judgment against Mr. Slane for the sum of $5,462.78; Case # CVF1301031 in Norwalk Municipal Court." [Doc. #47, p. 1]. "From February 28, 2014 to May 21, 2014, ninety (90 days) leading up to the bankruptcy filing, Mr. Slane was garnished $3,785.87 from his bi-weekly pay checks." [*Id*.].

There has been no assertion by the Debtor that the amounts garnished by the creditor were in excess of the maximum amount allowed under either the federal or state exemption provisions.

## LAW AND ARGUMENT

Under §541 of the Bankruptcy Code, the commencement of a bankruptcy case creates an estate that generally includes "all legal and equitable interests of the debtor in property as of the commencement of the case". *See*, 11 U.S.C. §541(a)(1); *In re Zingale*, 693 F.3d 704, 706 (6th Cir. 2012). The Bankruptcy Code permits states to opt out of the federal exemptions listed in 11 U.S.C. §522(d). *See*, 11 U.S.C. §522(b)(2). The Ohio legislature exercised the right to opt out of the federal exemptions. *See*, Ohio Rev. Code §2329.662; *In re Schramm*, 431 B.R. 397, 400 (6th Cir. BAP 2010). As a result, debtors for whom the applicable exemption law under §522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. *Id*.

The Ohio Supreme Court has not decided the state law exemption issue raised in this case. Thus, this court must attempt to predict what that court would do if confronted with the same question. *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (B.A.P. 6th Cir. 2006).

Section 522(g)(1) permits a debtor to claim an exemption in funds recovered by a trustee if the transfer of the funds was not voluntary and the property was not concealed. *See*, *In re Diamantis*, 2014 WL 1203182 at *4, 2014 Bankr. LEXIS 1139 at **9-10 (Bankr. N.D. Ohio March 24, 2014). In this context, it is axiomatic that wage garnishments are not voluntary transfers. *In re McLane*, 526 B.R. 238, 241 n.2 (Bankr. N.D. Ohio 2015); *In re Drescher*, 2013 WL 4525232 at *6, 2013 Bankr. LEXIS 3565 at *15 (Bankr. D. Or. Aug. 27, 2013).

Under Bankruptcy Rule 4003(c), "the objecting party has the burden of proving that the exemptions are not properly claimed." Where the objecting party is a trustee: "The Trustee bears the burden of proving that the exemption is not applicable." *In re Zingale*, 693 F.3d 704, 707 (6th Cir. 2012). The standard of proof is by a preponderance of the evidence. *In re Roselle*, 274 B.R. 486, 490 n. 4 (Bankr. S.D. Ohio 2002). "In order to effectuate the goals of providing honest debtors a fresh start and affording debtors life's basic necessities, Ohio courts follow the rule that exemption statutes are to be construed liberally in favor of the debtors, and that any doubt in interpretation should be in favor of granting the exemption." *In re Wengerd*, 453 B.R. 243, 247 (6th Cir. BAP 2011); *Daugherty v. Central Trust. Co. of N.E. Ohio, N.A.*, 28 Ohio St.3d 441, 447, 504 N.E.2d 1100, 1105 (1986). However, a liberal construction of the Ohio exemptions statute does not allow a court to enlarge the statute or strain its meaning. *Daugherty*, 28 Ohio St.3d at 447, 504 N.E.2d at 1105.

### A. Debtor's Claim Of Exemption Under Section 2329.66(A)(13) In The Garnished Funds.

The Trustee's Objection is directed to the claim of exemption under O.R.C. §2329.66(A)(13)(b), which provides:

> (13) Except as provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06[1] of the Revised Code, personal earnings of the person owed to the person

---

[1] None of the specified exceptions listed in the statute - sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 - apply here. These five subsections all deal with special provisions that apply to support orders.

3

for services in an amount equal to the greater of the following amounts:

*  *  *  *  *  *  *

(b) Seventy-five per cent of the disposable earnings owed to the person.

This issue presented here is primarily a legal issue: Are garnished funds, recovered as preferential transfers in a bankruptcy case, subject to exemption under O.R.C. §2329.66(A)(13)(b)? For the reasons stated below, the court holds that the garnished funds in this case are not subject to exemption as "personal earnings" under (A)(13).

The primary reason these funds cannot be claimed as exempt is because the Debtor has already had the benefit of the exemption at the time his wages were subject to garnishment. The amounts that were garnished from his wages were the non-exempt portions of his personal earnings. The portion that was exempt - the "seventy-five per cent of the disposable earnings owed to the person" - went to the Debtor. The non-exempt twenty-five per cent were the funds that went to the garnishing creditor.

Thus, the amounts held by the creditor were the non-exempt portion of the Debtor's earnings. There is nothing in the exemption statute that would suggest that after preserving seventy-five per cent of the Debtor's earnings, the twenty-five per cent of the wages that were non-exempt could be claimed as exempt, reducing the initially non-exempt twenty-five per cent by an additional seventy-five per cent.

The fact that the garnishment was from the Debtor's paycheck is important. The Debtor's statement of facts reflects: "From February 28, 2014 to May 21, 2014, ninety (90 days) leading up to the bankruptcy filing, Mr. Slane was garnished $3,785.87 from his bi-weekly pay checks." This is not a situation where a creditor garnished all of the funds in a debtor's bank account, taking monies that might be claimed as exempt under §2329.66(A)(13) as being traceable to wages. *See*, *Daugherty v. Central Trust. Co. of N.E. Ohio, N.A.*, 28 Ohio St.3d 441, 445, 504 N.E.2d 1100, 1103 (1986)("statutorily exempt funds do not lose their exempt status when deposited in a personal checking account"). Instead, the separation of Debtor's personal earnings into the exempt (seventy-five per cent) and non-exempt (twenty-five per cent) portions happened as part of the state court wage garnishment process prior to filing, and there has been no allegation that the garnishing creditor received any funds in excess of the percentage permitted by Section 2329.66(A)(13).

4

The return of those funds to the bankruptcy estate does not give the Debtor another bite at the wage-exemption apple because the underlying nature and characteristics of those funds do not change. A review of the Ohio case law reflects that what is "traced", for exemption purposes, are the funds in their original state. The Supreme Court of Ohio has held that "consistent with the language of R.C. 2329.66(A) . . . exempt funds *do not lose* their exempt status when deposited in a personal checking account." *Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441, 445, 504 N.E.2d 1100, 1103 (1986). Such funds "*retain* their exempt status when deposited in a personal checking account, so long as the source of the exempt funds is known or reasonably traceable." *Id*.

In this context, "tracing" is a method for determining whether exempt funds that have been commingled with non-exempt funds can be identified using an accounting method, such as "LIFO" (last in/first out), "FIFO" (first in/first out), "FILO" (first in/last out), or the "lowest intermediate balance test" ("LIBT").[2] "Tracing" involves accounting for both exempt and non-exempt funds. Thus, to the extent "tracing" applies to non-exempt funds taken by a creditor through a wage garnishment, those funds would remain non-exempt.

It is possible that the Ohio Supreme Court might deny the exemption on a different basis: that the funds are no longer subject to tracing, having become something other than "personal earnings" under the statute. In cases where §2329.66(A)(13) has been used to claim an exemption in federal tax refunds, courts have rejected those claims because the funds from a tax refund are no longer wages. *See*, *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974)(tax refunds not subject to exemption under the Federal Consumer Credit Protection Act, 15 U.S.C. §1673, limiting wage garnishments); *In re Minton*, 348 B.R. 467, 470-472 (Bankr. S.D. Ohio 2006)(child tax credit not "personal earnings" for services subject to exemption under §2329.66(A)(13)); *In re Colbert*, 385 B.R. 799 (Table), 2007 WL 4467570, 2007 Bankr. LEXIS 4164 (6th Cir.BAP Dec. 20, 2007)(unpublished).

Similarly, the Ohio Supreme Court has permitted the "tracing" of personal earnings to a checking account because those funds are "readily available as needed for support and maintenance...." *Daugherty*, 28 Ohio St.3d at 445 n.3, 504 N.E.2d at 1103 n.3. Funds held by a creditor after a wage garnishment are not "readily available as needed for support and maintenance"

---

[2]/ *See generally*, *In re Karn*, 2014 WL 3844829 at *9, 2014 Bankr. LEXIS 3299 at **23-27 (Bankr. N.D. Ohio Aug. 4, 2014); *In re Maine*, 461 B.R. 723, 731-734 (Bankr. S.D. Ohio 2011); *In re Perkins*, 2011 WL 4458961 at **3-5, 2011 Bankr. LEXIS 3641 at **7-13 (Bankr. N.D. Ohio Sept. 23, 2011).

- particularly if they were the non-exempt twenty-five per cent of personal earnings that was only recoverable because a bankruptcy was filed.

### B. The Debtor's Ability To Claim Other State Law Exemptions.

In the Debtor's Response to the Trustee's Objection to Exemptions, counsel asserts that the Exhibit attached to the Trustee's Objection, which consists of three bank account statements, does not support the Trustee's Objection to the claim of exemption under §2329.66(A)(13). However, a review of the Trustee's Objection reflects that the bank statements were submitted for a different purpose.

It appears that the bank account statements were submitted in support of the Trustee's position regarding the amounts of other Ohio exemptions - specifically, §§2329.66(A)(3) and §2329.66(A)(18). The bank account statements were offered to reflect how much of the other applicable exemptions had been "used up" by the Debtor in exempting the funds in the bank accounts at the time of filing. Based upon her calculations, the Trustee asks the court to determine the additional amounts the Debtor would be entitled to exempt under (A)(18) and (A)(3).

However, it does not appear that the bank statements provide sufficient information for the court to determine the precise amount that the Debtor may exempt.

Moreover, for the court to rule on this issue, the exemptions must be claimed by the Debtor. While the amount the Trustee has calculated as being available is greater than the non-§2329.66(A)(13) exemptions currently claimed on Schedule C, the Debtor may wish to revisit those exemption claims.

There has been an intervening decision of the Ohio Supreme Court regarding the application of §2329.66(A)(13). In *State ex rel. Williams v. Trim*, ___ Ohio St.3d ___, ___ N.E.2d ___, 2015 WL 5039257, 2015 Ohio LEXIS 2100 (Ohio Aug. 25, 2015), an inmate sued to stop the Department of Rehabilitation and Correction from attaching money in her prison account that she claimed was exempt because it originated from a pension. While there are criminal procedure issues involved in the decision, the Ohio Supreme Court stated:

> Unlike in *Daugherty*, the funds in this case are not simply deposited in a checking account. The pension funds are deposited into a bank account held jointly by Williams and her college-age daughter. Williams alleges that her daughter uses most of the money to support Williams's family but periodically places amounts from

6

14-31860-jpg    Doc 50    FILED 09/08/15    ENTERED 09/08/15 16:23:16    Page 6 of 8

this account into Williams's inmate account for her use at the prison. She claims that the source of the exempt funds is, as it was in *Daugherty*, "known or reasonably traceable."

Because Williams has a colorable argument that the funds in her inmate account are exempt from attachment, the court of appeals erred in dismissing Williams's mandamus claim, sua sponte, on the merits. Her arguments are not frivolous, nor is it true that she "obviously cannot prevail on the facts alleged in the complaint." *Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, at ¶ 3.

The decision in *State ex rel. Williams v. Trim* traces funds through two accounts - only one of which was identified as a checking account. This appears to suggest that cases limiting *Daugherty*'s holding to checking accounts are no longer good law. *See*, *Grant Hosp. v. O'Nail*, 1997 WL 101657 at *2, 1997 Ohio App. LEXIS 774 at **5-6 (Ohio App. 10th Dist. March 4, 1997)(*Daugherty* tracing rule applied only to checking accounts, not savings accounts). Thus, whether the three bank accounts are checking or savings accounts, *Daugherty*'s tracing rule for the personal earnings exemption would appear to apply.[3]

Of course, the Trustee may also have additional grounds for objecting to the exemptions once they have been claimed on an amended Schedule C.

But, those are matters to be either resolved through a settlement agreement, or addressed through the usual exemption claim and objection procedure.

Accordingly it is,

**ORDERED THAT** the Trustee's Objection to the Debtor's claim of exemption in the garnished funds under Section 2329.66(A)(13) is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Trustee's request to limit the Debtor's exemption to $1,143.93 under O.R.C. Section 2329(A)(18) and (A)(3) is **DENIED**.

###

---

[3]/ While Bankruptcy Courts have held that selecting a tracing rule involves a case-specific judgment, one Ohio case used the FIFO method for tracing funds that were claimed as exempt under Section 2329.66(A)(13). *See*, *Crimaldi v. Smith, Weber, Boos Ltd.*, 2000 WL 33672908 at *1 (Ohio Mun. April 20, 2000).